**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

OCT 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>JOHN DOE, subscriber assigned IP address 75.25.172.49,<br><br>    Defendant - Appellant. | No. 23-2782<br><br>D.C. No.<br>3:21-cv-00063-AJB-AHG<br><br>MEMORANDUM* |

Appeal from the United States District Court for the
Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted October 25, 2024**
Pasadena, California

Before: IKUTA and BRESS, Circuit Judges, and BASTIAN, District Judge.***
Special Concurrence by Judge IKUTA.

John Doe appeals the district court's denial of attorneys' fees following the

settlement of Strike 3 Holdings, LLC's ("S3") copyright infringement suit against

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

Doe.  "We review the district court's denial of attorneys' fees under the Copyright Act for an abuse of discretion."  *Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 644 (9th Cir. 2020).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under the Copyright Act, a district court has discretion to "award a 'reasonable attorney's fee' and costs to the prevailing party."  *Tresóna Multimedia*, 953 F.3d at 653 (quoting 17 U.S.C. § 505).  We have instructed courts to consider five non-exclusive factors in determining if fees are appropriate: "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) objective reasonableness of the losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence."  *Id.* at 653 (quoting *Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006)) (brackets omitted).  "Substantial weight should be accorded to the fourth factor."  *Id.*  Ultimately, however, "[t]he touchstone of the decision to award attorneys' fees is whether the successful defense, and the circumstances surrounding it, further the Copyright Act's 'essential goals.'"  *Id.* (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 209 (2016)).

Here, even assuming that Doe was the prevailing party, the district court did not abuse its discretion in concluding that the relevant factors did not support a fee award to Doe.  The degree of success obtained does not favor Doe because although

he obtained a dismissal with prejudice, his counterclaim was dismissed with prejudice in the same order, pursuant to the parties' joint motion.

The district court also did not err in finding that S3's position was objectively reasonable and non-frivolous under the second and fourth factors cited above. *See Tresóna Multimedia*, 953 F.3d at 653. Contrary to Doe's claim that S3 unreasonably identified him as the infringer "primarily because" he was the "billing party" associated with the infringing IP address, S3 had other colorable evidence of Doe's possible copyright infringement. This included S3's detection, using VXN Scan software, of BitTorrent activity involving the copyrighted works at the IP address associated with Doe's residence, and the fact that this IP address was used to traffic certain television shows in which Doe had expressed interest on Facebook. The repeated infringement undermined Doe's suggestion that his IP address had been re-assigned during the period in question.

Doe's further arguments about the reasonableness of S3's suit lack merit. The forensic expert's report did not exonerate Doe. Although the expert found no evidence of infringement on the computer Doe identified in discovery, he also found no evidence that the computer belonged to or was used by Doe. Doe's assertions that renters at the residence were responsible for the infringement, or that S3's infringement detection software was unreliable, are insufficiently supported and do not establish an abuse of discretion. The district court could likewise rely on Doe's

obstructive tactics in discovery and his apparent efforts to wipe files and hide his IP address in concluding that S3's position was objectively reasonable.

The district court likewise did not abuse its discretion in finding that the "motivation" factor did not favor Doe. *Tresóna Multimedia*, 953 F.3d at 653. As the district court explained, S3 was entitled to protect its copyrights, and its actions in other lawsuits do not demonstrate bad faith in this case, given the evidence suggesting that Doe infringed S3's copyrights. *See Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1042, 1044 (9th Cir. 2018) (reversing denial of fee award based on, *inter alia*, the district court's "generalizations about *other* BitTorrent cases"). Nor has Doe demonstrated error in the district court's consideration of the remaining factors.

**AFFIRMED.**[1]

---

[1] Doe's requests for judicial notice, Dkts. 13, 37, are denied.

FILED

OCT 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Strike 3 Holdings, LLC v. John Doe*, No. 23-2782

IKUTA, Circuit Judge, specially concurring:

The district court held that "neither Plaintiff nor Defendant can be fairly characterized as *the* prevailing party," and therefore rejected defendant John Doe's motion for attorneys' fees under 17 U.S.C. § 505. I would affirm the district court on this basis. Although the majority relies on the district court's alternative holding that "[e]ven assuming [Doe] is the prevailing party," he is not entitled to fees, I would not take this approach for two reasons.

First, the definition of prevailing party is "one who has been awarded some relief by the court[.]" *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). Where the parties to a lawsuit agree to jointly dismiss their claims and counterclaims with prejudice, it would rarely be reasonable to conclude that only one party was awarded some relief by the court. If both parties are prevailing, then no fees to either would be warranted. Words have meaning, and a party is "prevailing" only where it comes out on top. While there may be cases where one of the parties to a settlement is a prevailing party, the district court correctly concluded that this is not such a case.

Second, considering an award of attorneys' fees in a case such as this one (where Strike 3's evidence of infringement is inconsequential and the parties have settled) does not further any of the Copyright Act's purposes. A detailed analysis

of the merits of this copyright case wastes judicial resources. It neither encourages parties to stand on their rights nor deters persons from proceeding with litigation. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 205 (2016).

    I therefore would affirm the district court based on its holding that neither party in this case is prevailing.